# EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

Index No.:

-----------------------------------------------------------------------

KETTY FILS-AIME,

Plaintiff(s),

Plaintiff designates the
COUNTY OF THE BRONX
as the place of trial.
The basis of the venue is
PLAINTIFF'S residence

against

**SUMMONS**

Plaintiff's residence:
181 W. Tremont Ave.
County of THE BRONX

PANERA, LLC,

Defendant(s).

-----------------------------------------------------------------------

To the above-named defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the plaintiff's Attorney(s) within 20 days after the service of this
summons, excluded of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case
of your failure to appear or answer a judgment will be taken against you by default for the
relief demanded in the complaint.

Date: January 16, 2023

*Mark J. Linder*
Mark J. Linder, Esq.
**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff(s)
3 Park Avenue, Suite 2300
New York, NY 10016

Defendant' address:

PANERA, LLC
c/o Corporation Service Company
80 State St.
Albany, NY 12207

Case 1:23-cv-04071-DEH Document 1-3 Filed 05/16/23 Page 3 of 11

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF THE BRONX**
------------------------------------------------------------------------X
KETTY FILS-AIME,

                                                    Plaintiff,

        -against-                                                      **VERIFIED**
                                                                        **COMPLAINT**
                                                                        Index No.:

PANERA, LLC,

                                                    Defendant.
------------------------------------------------------------------------X

        Plaintiff complaining of the defendant herein, by her attorneys HARMON, LINDER &

ROGOWSKY, respectfully sets forth and alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF

1.      That at the time of the commencement of this action plaintiff was a resident of the

County of THE BRONX and State of New York.

2.      That defendant PANERA, LLC was and still is a foreign limited liability company

organized in Delaware and existing under the laws of the State of New York.

3.      That defendant PANERA, LLC was and still is conducting business in the State of

New York and State of Connecticut.

4.      That the defendant deviated from the applicable standard of care with respect to the

plaintiff causing the damages, losses and injuries set forth in this complaint.

5.      That at all times herein mentioned, the location and place of the plaintiff's accident

was inside the Panera Bread restaurant on and upon the lands and premises located at

**100 Main Street N., Southbury,** in the State of Connecticut.

Case 1:23-cv-04071-DEH   Document 1-3   Filed 05/16/23   Page 4 of 11

6.      That at all times herein mentioned, the date and time of the plaintiff's accident was on **August 12, 2022 at approximately 6:00 pm.**

7.      That on said date, time and place, the plaintiff herein was lawfully present at said location.

8.      That on said date, time and place, the plaintiff herein was involved in an accident at said location.

9.      That on said date, time and place, the plaintiff herein sustained injuries due to said accident.

10.     That on said date, time and place, the plaintiff herein sustained injuries due to negligent, dangerous and/or defective conditions.

11.     That on said date, time and place, the plaintiff herein sustained injuries due to the negligence and carelessness of the defendant.

12.      That on said date, time and place, the plaintiff herein was lawfully walking at said location and was caused to slip and fall due to condition(s) including but not limited to the following: (1) defective floors; (2) water, slippery substances and/or foreign substances/debris on the floor; (3) absence of non-slip floor matting; (4) flooring materials that became excessively slippery when wet/substance covered; (5) presence of excessive wax and/or floor sealant; (6) flooring materials that were uneven, broken, cracked, dilapidated, etc. and/or (7) inadequate illumination and thereby sustaining severe injuries as hereinafter set forth, due to the negligence of the defendant herein.

13.     The defendant, at all relevant times, and for many hours and days prior thereto, caused, created, allowed and/or permitted the floors of said location to remain in a dangerous condition.

14.     The defendant knew or should have known of said dangerous conditions and should have taken action to correct said conditions.

15.     The defendant, at the time of the accident, negligently caused, created, allowed and/or permitted the floor to remain in said dangerous condition and failed to correct the condition.

16.     That upon information and belief, the defendant had actual and constructive notice of the conditions on the day of the accident.

17.     That on said date, time and place, defendant PANERA, LLC owned certain lands and/or premises at said location.

18.     That on said date, time and place, defendant PANERA, LLC was the lessor of certain lands and/or premises at said location.

19.     That on said date, time and place, defendant PANERA, LLC was the lessee of certain lands and/or premises at said location.

20.     That on said date, time and place, defendant PANERA, LLC operated certain lands and/or premises at said location.

21.     That on said date, time and place, defendant PANERA, LLC managed certain lands and/or premises at said location.

22.     That on said date, time and place, defendant PANERA, LLC maintained certain lands and/or premises at said location.

23.     That on said date, time and place, defendant PANERA, LLC controlled certain lands and/or premises at said location.

24.     That on said date, time and place, defendant PANERA, LLC supervised certain lands and/or premises at said location.

25.     That on said date, time and place, defendant PANERA, LLC through its acts and/or omissions inadequately and/or improperly owned, leased, operated, managed, maintained, supervised and/or controlled certain lands and/or premises at said location.

26.     That on said date, time and place, defendant PANERA, LLC through its acts and/or omissions, negligently, carelessly, inadequately and/or improperly cleaned/repaired/inspected and/or failed to clean/repair/inspect certain lands and/or premises at said location.

27.     That on said date, time and place, defendant PANERA, LLC was hired or otherwise obligated to provide employee safety-training, inspection, cleaning, remediation and/or general services at certain lands and/or premises at said location.

28.     That on said date, time and place, defendant PANERA, LLC had a duty to provide the services rendered in accordance with industry standards and in accordance with the specific demands for the conditions at certain lands and/or premises at said location.

29.     That on said date, time and place, defendant PANERA, LLC failed to provide the services rendered in accordance with industry standards at certain lands and/or premises at said location.

30.     That on said date, time and place, defendant PANERA, LLC failed to provide the services rendered in accordance with the specific demands for the conditions at certain lands and/or premises at said location.

31.     That the defendant was at all times under a duty to keep said location in a safe, proper and secured manner to prevent injury to the plaintiff and others, in a condition free from dangerous conditions.

Case 1:23-cv-04071-DEH   Document 1-3   Filed 05/16/23   Page 7 of 11

32.     That defendant, its agents, servants and/or employees thorough their acts and/or omissions were careless and negligent in the ownership, operation and control of said location; in causing, allowing and/or permitting said location to become and remain in dangerous condition, unmaintained, negligent, improper and/or unsafe condition; in failing to make proper, adequate, timely and necessary repairs; in causing, allowing and/or permitting said location to be and remain in a hazardous condition; in failing to make proper, timely and adequate inspection thereof; in failing to maintain the aforesaid premises in a proper manner; in the negligent and dangerous design, installation, maintenance and management of the aforesaid area; in failing to set up proper safeguards and/or barriers; in failing to warn persons lawfully traversing the area of the aforesaid dangerous and hazardous condition; in failing to have sufficient and adequate manpower; in failing to protect invitee of said area; in creating a nuisance or trap; in failing to provide and/or use proper equipment; in failing to correct a reoccurring dangerous condition; and in otherwise failing to use due care, caution and prudence on the premises.

33.     That as a result of the foregoing, the plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

34.     That this occurrence and the injuries sustained by the plaintiff were caused by the negligence of the defendant, without any negligence on the part of the plaintiff contributing there to.

35.     That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

36.     That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction..

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

37.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "36", as if the same were fully hereinafter set forth at length.

38.     That the defendant's conduct as earlier described was negligent and careless in *inter alia*:

    (a)     Failing to take proper precautions for the safety and wellbeing of the plaintiff,

    (b)     That the defendant were negligent in the hiring, screening, training, and supervising of its employees, agents, contractors, lessors and/or lessees,

    (c)     Failing to adopt appropriate procedures for the protection of invitees including the plaintiff,

    (d)     Negligence at law.

39.     That the defendant should have known that its failure in such regards would cause harm.

40.     That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

INDEX NO. 800832/2023E

Case 1:23-cv-04071-DEH Document 1-3 Filed 05/16/23 Page 9 of 11 RECEIVED NYSCEF: 01/17/2023

**WHEREFORE**, plaintiff demands judgment against the defendant on the First and Second Causes of Action together with interest and the costs and disbursements of this action.

Dated:    New York, New York
          January 16, 2023

                                        *Mark J. Linder*
                                        Mark J. Linder, Esq.
                                        **HARMON, LINDER & ROGOWSKY**
                                        Attorneys for Plaintiff
                                        3 Park Avenue, 23rd Floor, Suite 2300
                                        New York, NY 10016
                                        ACD

Case 1:23-cv-04071-DEH   Document 1-3   Filed 05/16/23   Page 10 of 11

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                                     ) ss:
COUNTY OF NEW YORK )

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for the plaintiff.

I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions held with the plaintiff(s) and papers and/or documents in the file.

The reason I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated:      New York, NY
                 January 16, 2023

*Mark J. Linder*

_____
Mark J. Linder, Esq.

Index No.: _____                              Year: _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

---------------------------------------------------------------------------------------------

KETTY FILS-AIME,

Plaintiff(s),

-against-

PANERA, LLC,

Defendant(s).

---------------------------------------------------------------------------------------------

## VERIFIED SUMMONS AND COMPLAINT

---------------------------------------------------------------------------------------------

**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462

---------------------------------------------------------------------------------------------

To:
Attorney(s) for

---------------------------------------------------------------------------------------------

Service of a Copy of the within                              is hereby admitted.

Dated:                                        --------------------------
                                              Attorneys for

---------------------------------------------------------------------------------------------

PLEASE TAKE NOTICE:

_____
NOTICE OF        That the within is a (certified) true copy of a
ENTRY            entered in the office of the clerk of the within named Court on        20____

_____
NOTICE OF        that an Order of which the within is a true copy will be presented for settlement to the
SETTLEMENT       Hon.                    one of the Judges of the within named Court, on
                         20____, at          M.
Dated:

**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462